UNITED STATES of America, Appellee

v.

William K. GLAY, Appellant.

No. 10–3013.

United States Court of Appeals, District of Columbia Circuit.

Jan. 14, 2014.

Roy W. McLeese, III, Esquire, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Pleasant S. Brodnax, III, Law Office Of Pleasant S. Brodnax, Washington, DC, for Appellant.

Before: GARLAND, Chief Judge, and HENDERSON and GRIFFITH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

From 1999 to March 2007, William Glay (Glay) participated in a scheme to deceive financial institutions and retail establishments through the cashing of counterfeit checks. On March 2, 2007, police sought a

search warrant for the apartment of Emily Jallah—an individual with whom Glay has a child—in hopes of uncovering evidence of Glay's criminal activity. The application included some information gleaned from the warrantless use of a tracking device on a vehicle often driven by Glay. Police executed the search on March 6, 2007, and seized incriminating evidence from the apartment. Glay was arrested on the same day and was later indicted. Before trial, Glay moved to suppress the evidence seized from the apartment, arguing that the warrant failed to establish probable cause to believe that he lived at the apartment or that there was evidence of crime there. The district court denied Glay's motion and on September 29, 2009, he entered an unconditional guilty plea.

Following the entry of Glay's guilty plea, the U.S. Supreme Court held in *United States v. Jones*, ── U.S. ──, 132 S.Ct. 945, 949, 181 L.Ed.2d 911 (2012), "that the Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search.'" Under the Fourth Amendment, "[a] warrantless search by the police is invalid unless it falls within one of the narrow and well-delineated exceptions to the warrant requirement." *Flippo v. West Virginia*, 528 U.S. 11, 13, 120 S.Ct. 7, 145 L.Ed.2d 16 (1999). In light of *Jones*, Glay appealed his conviction, arguing that the district court must revisit its suppression ruling and determine whether the warrantless use of the tracking device rendered the search warrant defective.

But Glay waived his challenge to the warrantless use of the tracking device by pleading guilty. In *United States v. Delgado-Garcia*, 374 F.3d 1337, 1341 (D.C.Cir.2004), we stated that "[u]nconditional guilty pleas that are knowing and intelligent ... waive the pleading defen-

dants' claims of error on appeal, even constitutional claims." *See also Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). There are only two recognized exceptions to the application of the waiver rule: (1) if the defendant claims a violation of his right "not to be haled into court at all" and (2) if "the court below lacked subject-matter jurisdiction." *Delgado-Garcia*, 374 F.3d at 1341 (internal quotation marks omitted). Here, there is no question that Glay entered a knowing and intelligent guilty plea and the plea is not undermined simply because *Jones* effected a change in the law. *See Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) ("[A] voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."); *accord United States v. Robinson*, 587 F.3d 1122, 1129 (D.C.Cir.2009). Furthermore, Glay's Fourth Amendment argument does not implicate either exception to the waiver rule. Accordingly, Glay waived his challenge.

In any event, Glay has failed to show the kind of prejudice that would excuse his failure to raise this challenge in the district court under either Rule 12(e) or Rule 52(b) of the Federal Rules of Criminal Procedure. Although he argues that the affidavit supporting the search warrant relied "in part" on information gleaned from the tracking device, he does not address whether the affidavit was insufficient without this information or whether the evidence was subject to independent discovery.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-

hearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.